AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Eastern District of California

<table>
<tr><td></td><td>FILED</td></tr>
</table>

**FILED**

**Mar 23, 2026**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

United States of America )
v. )
MARCO MARTINEZ-HERAS )
)  Case No.  5:26-mj-00012-CDB
)
)
)
)

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____February 17, 2026____ in the county of ____Kern____ in the ____Eastern____ District of ____California____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 111 | Assaulting, Resisting, Impeding Certain Officers or Employees of the United States |

This criminal complaint is based on these facts:

See Affidavit attached and incorporated herein

☑ Continued on the attached sheet.

*Jayden Eggleston*
_____
*Complainant's signature*

Jayden Eggleston, HSI Special Agent
_____
*Printed name and title*

Sworn to before me and signed consistent with
Fed.R.Crim.P 4(d) and 4.1.

Date:    03/23/2026
_____
*Judge's signature*

City and state:    Bakersfield, CA          Christopher D. Baker, US Magistrate Judge
_____
*Printed name and title*

ERIC GRANT
United States Attorney
LUKE BATY
Assistant United States Attorney
4550 California Avenue, Suite 640
Bakersfield, CA    93309
Telephone:  (661) 489-6150
Facsimile:  (661) 489-6151

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCO MARTINEZ-HERAS,<br><br>Defendant | CASE NO.  5:26-mj-00012-CDB<br><br>AFFIDAVIT OF JAYDEN EGGLESTON IN SUPPORT OF CRIMINAL COMPLAINT |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Jayden Eggleston, being duly sworn, do hereby declare and state as follows:

### I.    AGENT BACKGROUND AND APPLICABLE LAW

1.    I am an "investigative or law enforcement officer" within the meaning of Section 2510 (7) of Title 18 of the United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18 and Title 21 of the United States Code.  I am also a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C).

2.    I am a Criminal Investigator / Special Agent employed by the Department of Homeland Security (DHS), Homeland Security Investigations (HSI). I have been employed as a Criminal Investigator with DHS since March 2025. During my tenure with DHS, I have completed the Criminal Investigator Training Program (CITP), and Homeland Security Investigations Special Agent Training

Affidavit in Support of Complaint

1

(HSI-SAT) at the Federal Law Enforcement Training Center, in Glynco, GA.

3. Through my training, I have learned of HSI's criminal investigative authority, as well as investigative techniques. HSI is responsible for enforcing federal violations such as firearms violations, narcotics violations, gang activity, and customs violations. In the Kern County area there are several Immigration Detention Facilities operated by Department of Homeland Security, where Homeland Security Investigation is tasked with conducting criminal investigations for law violations that occur at these facilities. I am familiar with, and have participated in, all of the conventional investigative methods, including, but not limited to, electronic surveillance, visual surveillance, general questioning of witnesses and federal search warrants. I have worked and conferred with various experienced law enforcement officers who were trained in federal investigations, and I have drawn from their knowledge and expertise in the field of federal law enforcement.

4. This affidavit is made in support of a criminal complaint charging **Marco MARTINEZ-HERAS** (hereinafter "**MARTINEZ-HERAS**") with violating Title 18, United States Code, Section § 111; Assaulting, resisting, or impeding certain officers or employees. The facts stated in this affidavit are based upon my personal knowledge and law enforcement reports, which I have received, and upon my conversations with others that have personal knowledge pertaining to this case. I have not included every detail of this investigation in this affidavit. I have included only that amount of information that is necessary to establish probable cause for the purpose charging **MARTINEZ-HERAS** with the aforementioned violation.

### STATEMENT OF PROBABLE CAUSE

5. On March 2, 2026, Homeland Security Investigations (HSI), Resident Agent in Charge (RAC) Bakersfield was notified by Enforcement and Removal Operations (ERO) Bakersfield of an assault that occurred on February 17, 2026, at the Immigration and Customs Enforcement (ICE) Golden State Annex (GSA) detention facility located in McFarland, Kern County, Eastern District of California.

6. ERO Bakersfield officers informed HSI RAC Bakersfield that **Marcos MARTINEZ-HERAS**, an illegal alien in detention at ICE GSA, had assaulted two (2) GEO Group detention officers.

7. GEO Group detention officers are employed to assist ICE with detaining illegal aliens at GSA.

Affidavit in Support of Complaint                 2

8.    ERO Bakersfield officers provided HSI RAC Bakersfield with closed-circuit television (CCTV) video of the assault.  On March 10, 2026, I reviewed the footage and observed the following:

9.    The video dated February 17, 2026, at approximately 12:27 PM, at the ICE GSA facility, housing unit A1, shows four staff members, including GEO Group Lieutenant (Lt) Jose Dinsing and Officer Edgar Torres, talking to **MARTINEZ-HERAS,** identified by his A number, at the officer's podium located near the front door of the housing unit.

10.    Shortly after, **MARTINEZ-HERAS** is observed taking a step away from the podium while turning away from the officers. Seconds later, **MARTINEZ-HERAS** is observed returning to the podium and striking Lt. Dinsing across the face with a closed fist.  The video showed the attack to be unprovoked.

11.    Subsequently, two GEO Group officers, including Officer Torres, are observed pushing and stiff-arming **MARTINEZ-HERAS** away from the officer's podium.  During the recording of the altercation, I observed **MARTINEZ-HERAS** striking Officer Torres in the face with a closed fist. Additional GEO Group officers are observed responding to the housing unit, restraining **MARTINEZ-HERAS**, and escorting him out of the housing unit.

12.    On March 11, 2026, HSI SA Joey Purifoy and SA Arturo Guzman conducted an interview with GEO Group Lt. Jose Dinsing at the GSA detention facility in McFarland, California. Lt. Dinsing was asked to provide a statement of the incident to the best of his abilities.  The following is what Lt. Dinsing stated:

13.    Lt. Dinsing stated that on February 17, 2026, he was conducting routine checks of the facility housing units.  He stated he walked into housing unit A1 and observed two GEO Group officers speaking with **Marco MARTINEZ-HERAS** at the officers' podium. Lt. Dinsing stated he noticed that **MARTINEZ-HERAS** was upset with the officers. Lt. Dinsing stated he approached **MARTINEZ-HERAS** and asked why he was upset, offering to help resolve the issue. Lt. Dinsing stated **MARTINEZ-HERAS** informed him he had requested his address book from the property room a few weeks prior and had not received any assistance since then.

14.    Lt. Dinsing stated he requested **MARTINEZ-HERAS**'s identification to further assist him. Lt. Dinsing stated **MARTINEZ-HERAS** threw the identification card toward him while upset. Lt.

Affidavit in Support of Complaint                    3

Dinsing stated he returned the identification card to **MARTINEZ-HERAS** and instructed him to hand it to him properly. Lt. Dinsing stated **MARTINEZ-HERAS** complied and handed the identification card back to him.

15.     Lt. Dinsing stated he wrote down the information from the identification card and returned the identification card back to **MARTINEZ-HERAS**. Lt. Dinsing stated he observed **MARTINEZ-HERAS** as he just stood in front of the officer's podium while growing upset.  He stated **MARTINEZ-HERAS** then stepped back from the officers' podium, while stating, "Fuck you guys, you guys aren't going to do anything anyways".  Lt. Dinsing stated that as he was preoccupied by signing into the officer's logbook at the podium; seconds later, **MARTINEZ-HERAS** struck him in the face.

16.     Lt. Dinsing stated he was stunned by the hit for a moment prior to grabbing his Oleoresin Capsicum (OC) pepper spray canister and pointing it at **MARTINEZ-HERAS** while ordering him to the ground.  Lt. Dinsing stated he ordered **MARTINEZ-HERAS** to get down on the ground three times; by the third time, he stated **MARTINEZ-HERAS** complied.  Lt. Dinsing stated that **MARTINEZ-HERAS** was restrained and escorted to the intake and receiving area of the facility.

17.     Lt. Dinsing stated shortly after the assault, he drove to an occupational health clinic located in Delano, CA to be further evaluated for his injury. Lt. Dinsing stated that he felt pain from the strike immediately. He also stated that he suffered pain and headaches from the strike for multiple days thereafter.

18.     On March 11, 2026, at approximately 6:03 AM, HSI SA Joey Purifoy and SA Arturo Guzman conducted an interview of GEO Group Officer Edgar Torres at the GSA detention facility, located in McFarland, CA. Office Torres was asked to recall the events of the incident to the best of his abilities. The following is what Officer Torres stated:

19.     Officer Torres stated that on February 17, 2026, he entered housing unit A1 to relieve the assigned GEO Group officer for a break.  Officer Torres stated he observed **MARTINEZ-HERAS** talking with Lt. Dinsing at the officer's podium.  He stated he noticed **MARTINEZ-HERAS** was upset. Officer Torres stated he observed **MARTINEZ-HERAS** becoming further irritated during the conversation and moments later, he stated he observed **MARTINEZ-HERAS** slamming his fist on the podium while stepping back.

Affidavit in Support of Complaint                    4

20.    Officer Torres stated seconds later, **MARTINEZ-HERAS** reapproached the podium and struck Lt. Dinsing in the face.  Officer Torres stated he attempted to intervene by pushing **MARTINEZ-HERAS** away from Lt. Dinsing.  He stated during the altercation, he was struck in the face by **MARTINEZ-HERAS**.  Officer Torres stated he gave **MARTINEZ-HERAS** commands to get down on the ground, to which **MARTINEZ-HERAS** refused.  Officer Torres stated shortly after, additional officer responded to the housing unit to assist with the incident.  Officer Torres stated **MARTINEZ-HERAS** ultimately complied with the GEO Group officers' commands and was escorted to the intake and receiving area of the facility.

21.    Officer Torres stated he was evaluated for his injuries by on duty medical staff at the facility shortly after the assault and that he sustained a cut to his face has a result of the strike.

## II.    CONCLUSION

22.    Because this Affidavit is written solely for the purpose of establishing probable cause to pursue criminal charges, not all results of this investigation have been included herein.  Based on the foregoing evidence in this affidavit, I conclude there is probable cause to believe that **MARTINEZ-HERAS** violated the provisions of Title 18, United States Code, Section § 111; Assaulting, resisting, or impeding certain officers or employees.

_Jayden Eggleston_

Jayden Eggleston, Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

Affidavit submitted by email/pdf and attested to me as true and accurate by telephone consistent with Fed.R.Crim.P 4(d) and 4.1 this  23rd day of March, 2026.

Hon. Christopher D. Baker
U.S. Magistrate Judge, Eastern District of California

Reviewed and approved as to form:

/s/ Luke Baty
Luke Baty
Assistant U.S. Attorney

Affidavit in Support of Complaint                    5